## Lawrence McLouth v. Abraham Dibble.

*Payment : Purchase price : Assignment : Evidence : Charge to the jury.* In a suit for the purchase price named in an assignment of an interest in a partnership, where the disputed question is whether the price was not paid at the time of the transfer, and where the assignment itself throws no light on it except by the recital that " the party of the first part for and in consideration of the sum of two hundred and forty dollars, agrees to and does hereby sell, assign," etc., a charge which instructs the jury in substance that the writing was the only evidence to be considered, and that from the writing the law implied a promise to pay the consideration named, is erroneous; the question was one for parol proof, and the writing, standing alone, was entitled to be construed rather as a recital of payment than as a promise for future payment.

*Heard October 29. Decided January 6.*

Error to Lenawee Circuit.

*A. L. Millard*, for plaintiff in error.

*Walker & Weaver*, for defendant in error.

GRAVES, CH. J.

Dibble sued to recover two hundred and forty dollars, which he claimed as the price McLouth had agreed to pay him for his interest in a former partnership between them, and which interest he had assigned to McLouth. The evidence of transfer, being a sealed instrument signed by the parties, was put in evidence. After the formal commencement, containing date and description of parties, it went on to say, " that the said party of the first part (Dibble), *for and in consideration of the sum of two hundred and forty dollars*, agrees to and does hereby sell, assign, and set over all his right," etc. After describing what was conveyed, it set forth a stipulation requiring McLouth to pay the firm debts, and indemnify Dibble against them, except as to two specified notes which it was provided Dibble should pay, etc. The subject of dispute was whether the consideration was or was not paid substantially at the time of the assignment. Apart from this writing the evidence was verbal, and was given chiefly by the parties. Dibble swore that McLouth promised to pay him the sum mentioned in the agreement, and had not paid it, and that the whole remained unpaid.

McLouth swore that Dibble actually received the $240 in a watch and firm accounts which were assigned to him at the time. Although they were examined and re-examined, their evidence was utterly contradictory. At the request of McLouth's counsel, the judge charged that the writing was the only admissible evidence of what was agreed upon when it was made, and that all other proof must be excluded; that proof of non-payment of the consideration would not entitle Dibble to recover without evidence that McLouth promised to make payment; and following this, he further charged,

on his own suggestion, that the *agreement created an implied promise* by McLouth to Dibble to pay him the expressed consideration, even if there was *no express promise;* and that if Dibble agreed to receive and did receive certain accounts of any amount in payment, it would constitute payment.   Under these instructions the jury found a verdict of $240 for Dibble.   Viewing the charge as reported in the bill of exceptions, it would seem to have been incongruous and misleading.   The writing stated the sale price, or consideration, but did not state in explicit terms whether it was paid or not.

Still, I think upon a fair view of the clause and of the whole instrument, the expression "*for* and in consideration of the sum of two hundred and forty dollars" was entitled to be construed as a recital of payment, and as slight evidence, at any rate, against Dibble, the vendor.   If the writing had contained an agreement to pay in future, no such construction would have been admissible.   But the words, when referred to the particular transaction, favored a reading in a sense to indicate that the consideration was executed, rather than in a sense that it was executory.

The suit was on the common counts by Dibble to recover the sale price or consideration mentioned in the writing, and the matter in dispute was whether this price or consideration had been paid or not.   The recital was not conclusive, nor indeed very cogent evidence, and the parties went into parol proof, as they had a right to do.

The right to *imply a promise* did not arise upon the paper, but depended upon whether payment had been made or not.   If in fact the price *was paid down*, there remained nothing to be promised, nothing to raise an implication or duty; whilst if payment was *not* made, the transfer for a specified price in money gave rise to an implied promise to pay it.   The question, therefore, as to whether there was or was not a promise, was, under the circumstances, consequential upon the way the question of payment might be determined.   This question of payment

was, then, the salient and substantial one, and it was a question to be settled by the jury upon the whole evidence. The charge, however, first excluded such of the evidence bearing upon it as consisted of bargainings which occurred contemporaneously with the execution of the writing, and then laid it down that the writing raised a promise.

The force of this ruling virtually ascribed to Dibble a cause of action for the consideration founded on the writing alone, and negatived all evidence of payment arising from the recital, and such of the verbal proof as was contemporary with the execution of the writing.

The plaintiff in error cannot complain of so much of the charge as was given at his instance, but he may of that portion which told the jury that the writing implied a promise from McLouth to Dibble to pay the consideration. As already intimated, according to the representation of the record the case was given to the jury in a way to mislead them. The recovery ought to have been made to depend upon their opinion of the evidence in regard to payment.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.